1 Jack Silver, Esquire SBN# 160575
Law Office of Jack Silver
2 Post Office Box 5469
Santa Rosa, California 95402-5469
3 Telephone: (707) 528-8275
Facsimile: (707) 528-8675
4 Email: lhm28843@sbcglobal.net

5 Attorney for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH
6

**FILED**
E-filing
FEB - 5 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7 UNITED STATES DISTRICT COURT **EDL**

8 NORTHERN DISTRICT OF CALIFORNIA

9

10 NORTHERN CALIFORNIA RIVER
WATCH, a non-profit Corporation,

**CV** CASE NO: **5342**

11 Plaintiff,

**COMPLAINT FOR INJUNCTIVE RELIEF,
CIVIL PENALTIES, RESTITUTION AND
REMEDIATION**

12 v.

13 EXXON MOBIL CORPORATION,
and DOES 1-20, Inclusive,

[Resource Conservation & Recovery Act -
42 U.S.C. § 6901 *et seq.*]

14

15 Defendants.
_____/

16

17 NOW COMES Plaintiff, NORTHERN CALIFORNIA RIVER WATCH (hereafter, "RIVER

18 WATCH") by and through its attorneys, and for its Complaint against Defendants, EXXON MOBIL

19 CORPORATION and DOES 1 - 20, Inclusive, (hereafter, "EXXON"), states as follows:

20 **I.    NATURE OF THE CASE**

21 1.    This is a citizens' suit brought against EXXON under the citizen suit enforcement

22 provisions of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.,*

23 (hereafter,"RCRA"), specifically RCRA § 7002(a)(1)(A), 42 U.S.C. § 6972(a)(1)(A) and RCRA §

24 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), RCRA § 3004, 42 U.S.C. § 6924; RCRA § 3005, 42 U.S.C.

25 § 6924, RCRA § 4005; and, 42 U.S.C. § 6945, to stop EXXON from repeated and ongoing violations

26 of RCRA. These violations are detailed in the Notice of Violations and Intent to File Suit dated June 5,

27 Complaint for Injunctive Relief                                                                1

1 2009 (hereafter, "the NOTICE") attached hereto as EXHIBIT A and made part of these pleadings, and
2 are alleged with respect to 3 specific EXXON sites identified in the NOTICE as follows:

3     a.     Service Station #7-0249 - 6301 Commerce Boulevard, Rohnert Park, California;

4     b.     Service Station #7-0248 - 175 Southwest Boulevard, Rohnert Park, California;

5     c.     Service Station #7-0241 - 5153 Old Redwood Highway North, Petaluma, California.

6     2.     As described in the NOTICE and below, RIVER WATCH alleges that EXXON is in
7 violation of a permit, standard, regulation, condition, requirement, prohibition, or order which has
8 become effective pursuant to the RCRA  [42 U.S.C. § 6972(a)(1)(A); 42 U.S.C. § 6924, 42 U.S.C. §
9 6925; and 42 U.S.C. § 6945.]

10     3.     As described in the NOTICE and below, RIVER WATCH alleges EXXON to be a past
11 or present generator, past or present transporter, or past or present owner or operator of a treatment,
12 storage, or disposal facility, which has contributed or which is contributing to the past or present
13 handling, storage, treatment, transportation, or disposal of a solid or hazardous waste which may present
14 an imminent and substantial endangerment to health or the environment. [42 U.S.C. § 6972(a)(1)(B); 42
15 U.S.C. § 6924, 42 U.S.C. § 6925; 42 U.S.C. § 6945.]

16     4.     RIVER WATCH seeks declaratory relief, injunctive relief to prohibit current and future
17 violations, the imposition of civil penalties, and other relief for EXXON's violations of the RCRA's
18 standards and regulations applicable to the handling, disposal, transportation, treatment, use or storage
19 of hydrocarbon contaminants and other solid or hazardous wastes as described in the NOTICE because
20 the quantity, concentration, or physical, chemical characteristics of said hazardous wastes may cause or
21 pose a substantial present or potential hazard to human health and/or to the environment when improperly
22 treated, stored, transported, or disposed of, or otherwise managed in violation RCRA's prohibition
23 against creating an imminent and substantial endangerment to human health or the environment.

24     5.     RCRA § 3005, 42 U.S.C. § 6925 requires facilities to obtain permits for the handling,
25 storage, treatment, transportation and/or disposal of solid or hazardous waste.

26

27 Complaint for Injunctive Relief     2

6. RCRA § 3004, 42 U.S.C.A. § 6924 requires owners and operators of solid or hazardous waste treatment, storage, and disposal facilities to follow enumerated standards. These requirements are enumerated in 40 C.F.R. Part 264, and include requirements for General Facility Standards (Subpart B), Preparedness and Prevention (Subpart C), Contingency Plans and Emergency Procedures (Subpart D), Releases from Solid Waste Management Units (Subpart F), Closure and Post-Closure (Subpart G), Financial Requirements (Subpart H), Surface Impoundments (Subpart K), Waste Piles (Subpart L), Land Treatment (Subpart M), Landfills (Subpart N), and Miscellaneous Units (Subpart X).

7. RCRA § 7002(a)(1)(A), 42 U.S.C. § 6972(a)(1)(A), permits citizen suits against any person or entity alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order effective pursuant to RCRA. RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), permits citizen suits to enjoin the handling, storage, treatment, transportation and/or disposal of hazardous or solid waste which creates or may create an imminent and substantial endangerment to human health or the environment. Pursuant to RCRA §§ 3008(a) and (g) and 7002(a), 42 U.S.C. §§ 6928(a) and (g) and 6972(a), each violation of the RCRA subjects the violator to a penalty of up to $37,500.00 per day, per violation for violations occurring within five (5) years prior to the initiation of a citizen enforcement action. In addition, the RCRA provides for injunctive relief pursuant to RCRA §§ 3008(a) and 7002(a), 42 U.S.C. §§ 6928(a) and 6972(a).

8. The petroleum hydrocarbons at EXXON's sites identified in the NOTICE, represent "solid waste" as that term is defined under 42 U.S.C. § 6903(27), as they are discarded materials resulting from industrial and commercial activities. Furthermore, the petroleum hydrocarbons are hazardous waste under 42 U.S.C.§ 6903(5), as they are solid wastes because the quantity, concentration, or physical, chemical characteristics of these hazardous wastes may cause or pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, disposed of, or otherwise managed, thus violating the RCRA's prohibition against creating an imminent and substantial endangerment to human health or the environment.

## II. PARTIES TO THE ACTION

9. Plaintiff Northern California River Watch ("RIVER WATCH"), is a 501(c)(3) non-profit, public benefit corporation duly organized under the laws of the State of California, with headquarters located in the City of Sebastopol, Sonoma County, California. RIVER WATCH is dedicated to protecting, enhancing and helping to restore the waters of Northern California including its drinking water sources, groundwater, rivers, creeks and tributaries. Many of RIVER WATCH's members live in areas affected by EXXON's pollution as alleged in this Complaint and the NOTICE. Said members have an interest in those areas and watersheds which interest is or may be adversely affected by EXXON's violations of the RCRA as alleged in this Complaint. Said members use the effected watershed for domestic water supply, agricultural water supply, recreation, sports, fishing, swimming, hiking, photography, nature walks and aesthetic enjoyment. Furthermore, the relief sought will redress the injury in fact, the likelihood of future injury and the interference with the interests of RIVER WATCH's members.

10. RIVER WATCH is informed and believes, and on said information and belief alleges that Defendant EXXON MOBIL CORPORATION ("EXXON") is a corporation registered with the State of California, with a principal place of business located at 5959 Las Colinas Boulevard in Irving, Texas.

11. RIVER WATCH is informed and believes, and on said information and belief alleges, that Defendants DOES 1 - 20, Inclusive, respectively, are persons, partnerships, corporations or entities, who are, or were, responsible for, or in some way contributed to, the violations which are the subject of this Complaint or are, or were, responsible for the maintenance, supervision, management, operations, or insurance coverage of EXXON's facilities or operations identified in the NOTICE. The names, identities, capacities, or functions of Defendants DOES 1 - 20, Inclusive, are presently unknown to RIVER WATCH. RIVER WATCH shall seek leave of court to amend this Complaint to insert the true names of said DOES Defendants when the same have been ascertained.

Complaint for Injunctive Relief                    4

1

## III. JURISDICTIONAL ALLEGATIONS

2

3

12. Subject matter jurisdiction is conferred upon this Court by RCRA § 7002(a)(1), 42 U.S.C. § 6972(a)(1), which states in part,

4

5

6

7

8

9

10

> ... any person may commence a civil action on his own behalf (A) against any person
> ... who is alleged to be in violation of any permit, standard, regulation, condition
> requirement, prohibition or order which has become effective pursuant to this chapter,
> or (B) against any person . . . who has contributed or who is contributing to the past or
> present handling, storage, treatment, transportation or disposal of any solid or
> hazardous waste which may present an imminent and substantial endangerment to
> health or the environment.

11

12

13

14

15

16

17

18

19

13. Members of RIVER WATCH reside in the vicinity of, derive livelihoods from, own property near, or recreate on, in or near or otherwise use, enjoy and benefit from the watersheds, land, rivers, and associated natural resources into which EXXON pollutes, or by which EXXON's operations adversely affect those members' interests, in violation of RCRA § 7002(a)(1)(A), 42 U.S.C. § 6972(a)(1)(A) and RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B). The health, economic, recreational, aesthetic or environmental interests of RIVER WATCH's members have been, are being, and will continue to be adversely affected by EXXON's unlawful violations of the RCRA as alleged herein. RIVER WATCH contends there exists an injury in fact, causation of that injury by EXXON's complained of conduct, and a likelihood that the requested relief will redress that injury.

20

21

22

23

24

25

14. Pursuant to RCRA § 7002(2)(A), 42 U.S.C. §6972(2)(A), RIVER WATCH gave statutory notice of the RCRA violations alleged in this Complaint prior to the commencement of this lawsuit to: Exxon Mobil Corporation, the United States Environmental Protection Agency, both Federal and Regional, the State of California Integrated Waste Management Board which is the solid waste management agency for the State in which the violation is alleged to have occurred, and the State Water Resources Control Board.

26

27

Complaint for Injunctive Relief 5

1    15.    Pursuant to RCRA §§ 7002(a) and (b), 42 U.S.C. §§ 6972(a) and (b) venue lies in this

2 District as the sites under EXXON's ownership or control, as identified in the NOTICE, and where illegal

3 activities occurred which are the source of the violations complained of in this action, are located within

4 this District.

5    **IV.    STATEMENT OF FACTS**

6    16.    RIVER WATCH is informed and believes, and on said information and belief alleges that

7 EXXON is a past or present generator, past or present transporter, or past or present owner or operator

8 of the sites identified in the NOTICE, and has contributed or is contributing to the past or present

9 handling, storage, treatment, transportation, or disposal solid or hazardous waste which may present an

10 imminent or substantial endangerment to health or the environment. Furthermore, EXXON's handling,

11 use, transport, treatment, storage or disposal of waste at the sites identified in the NOTICE has violated

12 and continues to violate permits, standards, regulations, conditions, requirements or prohibitions effective

13 pursuant to the RCRA regarding hazardous or solid waste. [42 U.S.C. §§ 6972(a)(1)(A) and (B)].

14 EXXON has no RCRA-authorized permits authorizing the activities related to the hazardous wastes

15 described in the NOTICE.

16    17.    Regulatory agencies have designated surface water and groundwater in this area of

17 California as capable of supporting multiple beneficial uses including domestic water supply, and have

18 established Maximum Contaminant Levels ("MCLs") and Water Quality Objectives ("WQOs") for these

19 pollutants in surface water and groundwater.

20    18.    The petroleum hydrocarbon constituents benzene and toluene are known carcinogens or

21 reproductive toxins, and have been listed chemicals under Proposition 65.  These hydrocarbon

22 constituents are also solid waste and hazardous waste under the RCRA and the laws of California

23 authorized under RCRA. Surface water and groundwater at and around the sites identified in the NOTICE

24 are potential sources of drinking water under applicable Regional Water Quality Control Board Plans

25 also known as Basin Plans). RIVER WATCH is informed and believes, and on said information and

26

27 Complaint for Injunctive Relief                                    6

1    belief alleges that EXXON has allowed hydrocarbons and other contaminants to pollute surface water
2    and groundwater at and around the sites identified in the NOTICE.

3        19.    RIVER WATCH is informed and believes and on said information and belief alleges that
4    EXXON's handling, use, transport, treatment, storage or disposal of pollutants at the sites identified in
5    the NOTICE has occurred in a manner which has allowed significant quantities of solid waste and
6    hazardous hydrocarbon constituents to remain in the soils, groundwater and surface waters beneath and
7    around said sites and beneath and around adjacent properties, traveling off site in each case, and possibly
8    reaching and impacting adjacent surface waters.

9        20.    To date, the levels of petroleum hydrocarbons and hydrocarbon constituents in the soils
10   and groundwaters at said sites remain high above the allowable MCLs or WQOs for said constituents,
11   creating an imminent and substantial endangerment to public health or the environment.

12       21.    The activities of EXXON as alleged in the NOTICE have been both knowing and
13   intentional. RIVER WATCH is informed and believes and on said information and belief alleges that
14   EXXON has known of the contamination at the sites identified in the NOTICE for a number of years, and
15   is aware that continuing failure to remediate the pollution allows the petroleum hydrocarbons and
16   hydrocarbon constituents to migrate through the soils and groundwater at or adjacent to said sites, or to
17   continually contaminate or re-contaminate actual or potential sources of drinking water as well as
18   groundwater or adjacent surface waters.

19       22.    .RIVER WATCH is informed and believes and on such information and belief alleges
20   that EXXON has failed to properly label, track and/or report the type, quantity or disposition of hazardous
21   waste from the sites identified in the NOTICE, and has failed to use manifest systems to ensure the waste
22   generated is properly handled, stored, treated or disposed of.

23       23.    RIVER WATCH is informed and believes and on such information and belief alleges, that
24   EXXON appears to be disposing of wastes off-site absent compliance with either the various
25   requirements under the RCRA or with the State of California's hazardous waste requirements authorized
26   under the RCRA. RIVER WATCH alleges EXXON's mishandling of wastes in violation of Subchapter

27   Complaint for Injunctive Relief                                                    7

1  C of the RCRA has created and is creating an imminent and substantial endangerment to human health
2  or the environment.

3      24.    The liability of EXXON for the violations complained of herein, stems from EXXON's
4  ownership or operation of the sites identified in the NOTICE, or is due to the activities conducted on said
5  sites by EXXON's insurance provider or by subsidiaries, contractors, employees or agents of EXXON.

6  **V.    FIRST CLAIM FOR RELIEF**

7        **Violation of a Permit, Standard, Regulation, Condition, Requirement, Prohibition, or Order**
8        **[42 U.S.C. § 6972(a)(1)(A)]**

9      RIVER WATCH incorporates the allegations set forth in Paragraphs 1 through 24 above and in
10  the NOTICE as though fully set forth herein.

11      25.    RCRA § 7002(a)(1)(A), 42 U.S.C. § 6972(a)(1)(A), provides that any person may
12  commence a civil action against any person or governmental entity alleged to be in violation of any
13  permit, standard, regulation, condition, requirement, prohibition, or order which has become effective
14  pursuant to the RCRA. Civil penalties may be assessed against any person or entity in violation of such
15  permits, etc. under the provisions of 42 U.S.C. §§ 6928 (a) or (g).

16      26.    RIVER WATCH is informed and believes, and on said information and belief alleges that
17  EXXON has failed to comply with the statutory or regulatory prevention, detection, monitoring, or
18  remediation requirements imposed under the RCRA as described in the NOTICE.

19      27.    RIVER WATCH is informed and believes, and on said information and belief alleges that
20  EXXON has no permit issued under the RCRA or by the state of California for the use, handling, storage,
21  transportation, disposal or treatment of hazardous waste or solid waste at the sites identified in the
22  NOTICE; or, that if such a permit exists, EXXON is violating that permit.

23      28.    RIVER WATCH is informed and believes, and on said information and belief alleges, that
24  EXXON's operations at the sites identified in the NOTICE, include unlawful open dumping as that term
25  is used in the RCRA, by discharging pollutants including hydrocarbons and hydrocarbon constituents to
26  the open ground, thereby allowing those pollutants to discharge into soil, groundwater and/or surface

27  Complaint for Injunctive Relief        8

1  waters. The sites identified in the NOTICE do not qualify as landfills under 42 U.S.C. § 6944, and do
2  not qualify as facilities for the disposal of hazardous waste.

3      29.    RIVER WATCH is informed and believes, and on said information and belief alleges,
4  that EXXON is in violation of RCRA Subtitle C, subchapter III, 42 U.S.C. § 6921 *et seq.*, by failing to
5  properly identify, label or list hazardous materials; by failing to keep records of its hazardous waste
6  activities including its use, handling, storage, transportation or treatment of hazardous waste or solid
7  waste; by failing to take proper measures to protect human health or the environment; by failing to
8  monitor its activities; or by failing to acquire RCRA-authorized permits.

9      30.    RIVER WATCH is informed and believes, and on said information and belief alleges, that
10  EXXON has in the past or is knowingly now transporting, treating, storing, disposing of or exporting
11  hazardous waste identified or listed under RCRA Subtitle C, subchapter III, 42 U.S.C. § 6921 *et seq.*,
12  which activities places persons in imminent danger of serious bodily injury.

13      31.    RIVER WATCH is informed and believes, and on said information and belief alleges, that
14  EXXON's violation of a permit, standard, regulation, condition, requirement, prohibition, or order
15  which has become effective pursuant to RCRA § 7002(a)(1)(A) has occurred every day since at least
16  June 5, 2004 or on numerous separate occasions, and that those violations are continuing.

17      32.    RIVER WATCH is informed and believes, and on said information and belief alleges, the
18  continuing activities by EXXON as alleged herein cause irreparably harm to RIVER WATCH and its
19  members, for which harm RIVER WATCH and its members have no plain, speedy or adequate remedy
20  at law. Wherefore, RIVER WATCH prays judgment against EXXON as set forth hereafter.

21  **VI.    SECOND CLAIM FOR RELIEF**

22      **Imminent and Substantial Endangerment to Human Health or the Environment**

23      **[42 U.S.C. § 6972(a)(1)(B)]**

24      RIVER WATCH incorporates the allegations set forth in Paragraphs 1 through 32 above and in
25  the NOTICE as though fully set forth herein.

27  Complaint for Injunctive Relief                                              9

33. RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), provides that any person may commence a civil action against any person or governmental entity including a past or present generator, transporter, owner or operator of a treatment, storage or disposal facility who has contributed to the past or present storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or to the environment. Civil penalties may be assessed pursuant to 42 U.S.C. §§ 6928 (a) or (g).

34. The hydrocarbon pollutants identified in this Complaint and the NOTICE are known carcinogens or reproductive toxins, or when released into the environment in sufficient quantity pose an imminent or substantial risk to public health or to the environment in general. RIVER WATCH is informed and believes, and on such information and belief alleges, that amounts of hydrocarbon and hydrocarbon constituents used, handled, stored, transported, discarded, disposed of or treated by EXXON at the sites identified in the NOTICE, are in sufficient quantity to meet the statutory and regulatory definitions of solid or hazardous waste under the RCRA, and pose an imminent or substantial risk to both human health and the environment.

35. RIVER WATCH is informed and believes and on said information and belief alleges, that EXXON is of the class of entities covered by 42 U.S.C. § 6972(a)(1)(B); that EXXON is a past or present generator, past or present transporter, or past or present owner or operator of treatment, storage, or disposal facilities which have contributed or are contributing to the past or present storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

36. RIVER WATCH is informed and believes, and on said information and belief alleges, that EXXON is in violation of RCRA Subtitle C, subchapter III, 42 U.S.C. § 6921 *et seq.*, by failing to properly identify, label or list hazardous materials; by failing to keep records of hazardous waste activities including the use, storage, transportation or treatment of hazardous or solid waste; by failing to keep records of hazardous waste which has been released into soils and groundwater from the sites identified in the NOTICE including the amounts of hazardous waste remaining to be remediated or

Complaint for Injunctive Relief 10

1     otherwise removed at each of said sites; by failing to take proper measures to protect human health or

2     the environment; by failing to monitor activities; or by failing to acquire RCRA-authorized permits.

3     RIVER WATCH further alleges that EXXON's violations of RCRA Subtitle C, subchapter III, 42 U.S.C.

4     § 6921 *et seq.* are causing imminent and substantial risk to both the environment or to human health.

5       37.     RIVER WATCH is informed and believes, and on said information and belief alleges, that

6     EXXON's knowing transport, treatment, storage, disposal or exporting of hazardous waste as identified

7     or listed under RCRA Subtitle C, subchapter III, 42 U.S.C. § 6921 *et seq.*, places persons in imminent

8     danger of serious bodily injury.

9       38.     RIVER WATCH is informed and believes, and on said information and belief alleges, that

10     continuing acts or failures to act by EXXON to address these violations will irreparably harm RIVER

11     WATCH and it members, for which harm RIVER WATCH and its members have no plain, speedy or

12     adequate remedy at law. Wherefore, RIVER WATCH prays for judgment against EXXON as set forth

13     hereafter.

14    **VII.**    **THIRD CLAIM FOR RELIEF**

15       **Violation of a Permit, Standard, Regulation, Condition, Requirement, Prohibition, or Order**

16       **[42 U.S.C. § 6972(a)(1)(A)]**

17       **Creating Imminent and Substantial Endangerment to Human Health or the Environment**

18       **[42 U.S.C. § 6972(a)(1)(B)]**

19       **Violation of Procedural and Substantive Requirements**

20       **[42 U.S.C. § 6924]**

21       RIVER WATCH incorporates the allegations set forth in Paragraphs 1 through 38 above and in

22     the NOTICE as though fully set forth herein.

23       39.     RIVER WATCH is informed and believes, and on said information and belief alleges, that

24     EXXON has failed to comply with the procedural and substantive requirements mandated under RCRA

25     § 3004, 42 U.S.C. § 6924, which requirements are enumerated in 40 C.F.R. Part 264 and include

26     requirements for General Facility Standards (Subpart B), Preparedness and Prevention (Subpart C),

27    Complaint for Injunctive Relief                        11

1  Contingency Plans and Emergency Procedures (Subpart D), Releases from Solid Waste Management

2  Units (Subpart F), Closure and Post-Closure (Subpart G), Financial Requirements (Subpart H), Surface

3  Impoundments (Subpart K), Waste Piles (Subpart L), Land Treatment (Subpart M), Landfills (Subpart

4  N), and Miscellaneous Units (Subpart X).

5      40.    RIVER WATCH is informed and believes, and on said information and belief alleges that

6  EXXON's handling, treatment, storage, transportation, and/or disposal of its hazardous waste in violation

7  of RCRA § 3004 has occurred every day since at least June 5, 2004, or on numerous separate occasions,

8  and that those violations are continuing.

9      41.    RIVER WATCH is informed and believes, and on said information and belief alleges that

10  continuing activities by EXXON as alleged herein have caused irreparable harm to RIVER WATCH and

11  its members, for which harm RIVER WATCH and its members have no plain, speedy or adequate

12  remedy at law. Wherefore, RIVER WATCH prays judgment against EXXON as set forth hereafter.

13  **VIII.  FOURTH CLAIM FOR RELIEF**

14      **Violation of a Permit, Standard, Regulation, Condition, Requirement, Prohibition, or Order**

15      **[42 U.S.C. § 6972(a)(1)(A)]**

16      **Creating Imminent and Substantial Endangerment to Human Health or the Environment**

17      **[42 U.S.C. § 6972(a)(1)(B)]**

18      **Unpermitted Handling, Treatment, Storage, Transportation and/or Disposal of Hazardous**

19      **Waste**

20      **[42 U.S.C. § 6925]**

21      RIVER WATCH incorporates the allegations set forth in Paragraphs 1 through 41 above and in

22  the NOTICE as though fully set forth herein.

23      42.    RIVER WATCH is informed and believes and said information and belief alleges, that

24  EXXON's deposition and maintenance of solid or hazardous waste as described herein causes and has

25  caused solid or hazardous waste to be generated and discharged to the environment.

26

27  Complaint for Injunctive Relief                                         12

1     43.    RIVER WATCH is informed and believes and said information and belief alleges that

2   EXXON has installed and maintained a system of conveyances to dispose of solid or hazardous generated

3   and released from the sites identified in the NOTICE..

4     44.    RIVER WATCH is informed and believes and said information and belief alleges, that

5   EXXON does not possess permits for the handling, storage, treatment, transportation, and/or disposal

6   of its hazardous or solid waste at the sites identified in the NOTICE. Said unpermitted handling, storage,

7   treatment, transportation and/or disposal of solid or hazardous waste is a violation of RCRA §3005, 42

8   U.S.C. § 6925.

9     45.    RIVER WATCH is informed and believes and said information and belief alleges, that

10   EXXON's unpermitted handling, treatment, storage, transportation, and/or disposal of its solid or

11   hazardous waste in violation of RCRA § 3004 has occurred every day since at least June 5, 2004, or on

12   numerous separate occasions, and that those violations are continuing.

13     46.    RIVER WATCH is informed and believes and said information and belief alleges, that

14   continuing activities by EXXON as alleged herein have caused irreparable harm to RIVER WATCH and

15   its members, for which harm RIVER WATCH and its members have no plain, speedy or adequate

16   remedy at law. Wherefore, RIVER WATCH prays judgment against EXXON as set forth hereafter.

17   **IX.    FIFTH CLAIM FOR RELIEF**

18       **Violation of a Permit, Standard, Regulation, Condition, Requirement, Prohibition, or Order**

19       **[42 U.S.C. § 6972(a)(1)(A)]**

20       **Creating Imminent and Substantial Endangerment to Human Health or the Environment**

21       **[42 U.S.C. § 6972(a)(1)(B)]**

22       **Prohibition Against Open Dumping**

23       **[42 U.S.C. § 6945]**

24       RIVER WATCH incorporates the allegations set forth in Paragraphs 1 through 46 above and in

25   the NOTICE as though fully set forth herein.

26

27   Complaint for Injunctive Relief                           13

1    47.    RIVER WATCH is informed and believes and said information and belief alleges, that

2  EXXON has engaged in open dumping by its discharge of solid or hazardous waste into the soil in and

3  around the sites identified in the NOTICE, where said waste will contaminate and has contaminated the

4  soils, groundwater and surface waters as described herein.  Said sites do not qualify as landfills under

5  42 U.S.C. § 6944, and do not qualify as facilities for the disposal of solid or hazardous waste.

6    48.    RIVER WATCH is informed and believes and said information and belief alleges, that

7  EXXON has no RCRA-authorized permit for disposal, storage or treatment of solid or hazardous waste

8  of the type currently and historically discharged at said sites.

9    49.    RIVER WATCH is informed and believes and said information and belief alleges, that

10  EXXON's open dumping in violation of RCRA § 4005 has occurred every day since at least June 5,

11  2004, or on numerous separate occasions, and that those violations are continuing.

12    50.    RIVER WATCH is informed and believes and said information and belief alleges, the

13  continuing activities by EXXON as alleged herein have caused irreparable harm to RIVER WATCH and

14  its members, for which harm RIVER WATCH and its members have no plain, speedy or adequate

15  remedy at law.  Wherefore, RIVER WATCH prays judgment against EXXON as set forth hereafter.

16  **X.    PRAYER FOR RELIEF**

17    RIVER WATCH prays this Court grant the following relief:

18    1.    Declare EXXON to have violated and to be in violation of the RCRA for discharging

19  petroleum products and constituents which are known carcinogens and/or reproductive toxins in

20  sufficient quantities to pose an imminent and substantial risk to human health and the environment;

21    2.    Enjoin EXXON from discharging petroleum products and petroleum constituents from

22  its sites identified in the NOTICE, which petroleum products and constituents pose an imminent and

23  substantial risk to health and the environment;

24    3.    Enjoin EXXON from continued violations of the RCRA;

25    4.    Order EXXON to fully investigate each of the sites identified in the NOTICE, which

26    investigation shall include:

27  Complaint for Injunctive Relief                                                14

a. Completion of Site Delineation, to include the characterization of the nature and extent of all underground contaminant plume(s) and the nature and extent of any commingled plumes which may be entering the sites from offsite locations;

b. Comprehensive Sensitive Receptor Survey, to include an adjacent surface water study, water supply survey, and building conduit survey;

c. Aquifer Profile Study, to include identification of all water bearing strata and whether subsurface groundwater at the sites are in communication with the other aquifers; and, testing of all aquifers determined to be in communication with the contaminated soil and groundwater zones for all known pollutants at the sites;

d. Conduit/Preferential Pathway Study, to include identification of all conduits or preferential pathways such as sand and gravel lenses, utility lines, underground pipes, storm drains, roads, services and other potential pathways for contaminant migration. Such conduits and preferential pathways found to have intersected the plume should be tested for the presence of petroleum contaminants at each of the sites.

e. Identification and Testing of Water Supply Wells, to include a door to door survey of potentially affected properties to determine the presence and location of any water supply wells (whether permitted or not). Any water supply wells within the potential range of the contaminant plumes to be tested for the presence of petroleum contamination;

f. Surface Water Survey, to include a determination as to whether any surface waters have been or have the potential of being contaminated from each of the sites. All surface waters and drainage within 1,500 feet of the outer extent of the plume to be tested;

g. Vapor Intrusion Study, to include a study of the buildings at each of the sites as well as buildings located on or off-site within the contaminated zone; and,

h. .Determination of Mass of Plume Constituents, to include mass of the plume and masses of the various pollutants at each of the sites, whether or not part of the plume.

Complaint for Injunctive Relief                                                                 15

1    5.    Order EXXON to fully remediate each of the sites identified in the NOTICE reducing all

2  contaminants of concern in the groundwater to below WQOs within 5 years;

3    6.    Order EXXON to pay civil penalties to the United States on a per violation/per day basis

4  for the violations of RCRA alleged in this Complaint;

5    7.    Order EXXON to pay RIVER WATCH's reasonable attorneys' fees or costs (including

6  expert witness fees), as provided by law; and,

7    8.    Grant such other or further relief as may be just or proper.

8

9  DATED: February 4, 2010

                                    JACK SILMER
10                                  Attorney for Plaintiff
                                    NORTHERN CALIFORNIA RIVER WATCH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Complaint for Injunctive Relief                                              16

# Law Office of Jack Silver



P.O. Box 5469      Santa Rosa, California 95402
Phone 707-528-8175    Fax 707-528-8675
lhm28843@sbcglobal.net

June 5, 2009

***Via Registered Mail - Return Receipt Requested***

Rex W. Tillerson, Chief Executive Officer
Exxon Mobil Corporation
5959 Las Colinas Boulevard
Irving, TX 75039-4202

President/Chief Executive Officer
Whitey's TBA, Incorporated
465 Kenwood Court, Suite A
Santa Rosa, CA 95407

**Re:   Notice of Violations and Intent to File Suit under the Resource Conservation and Recovery Act**

Dear Owner, Site Manager and other Responsible Parties:

## NOTICE

On behalf of Northern California River Watch ("River Watch"), I am providing statutory notification to the Exxon Mobil Corporation and Whitey's TBA, Inc. (hereafter jointly referred to as "Polluters") of continuing and ongoing violations of the Federal Resource Conservation and Recovery Act ("RCRA") 42 U.S.C. § 6901 et seq.), in conjunction with their continuing operations at three gasoline service station sites described below.   River Watch is also providing notice of these same violations to the owner, listed below, of the real property on which each of the service stations are or were situated.  The current owner and operator of each of these sites, Whitey's TBA, Inc., may be in part responsible for ongoing contamination due to more recent releases of hydrocarbons at these sites, or pursuant to RCRA provisions, by reason of its ownership of the real property under which the hazardous contamination has been found.

RCRA 42 U.S.C. § 6901 et seq., requires that 60 days prior to the initiation of an action for violation of a permit, standard, regulation, condition, requirement, prohibition or

order effective under the RCRA, a private party must give notice of the violation to the alleged violator, the Administrator of the Environmental Protection Agency and the State in which the violation is alleged to have occurred. If the alleged violator is an individual or corporation, service of notice shall be accomplished by registered mail addressed to, or by personal service upon, the owner or site manager, with a copy sent to the registered agent of the corporation. 42 U.S.C. § 6972(b)(1)(A).

The RCRA also requires that a private party provide 90 days prior notice to the alleged violator, the Administrator of the Environmental Protection Agency and the State in which the violation is alleged to have occurred before initiating an action which alleges violations resulting in imminent and substantial endangerment to human health or the environment. 42 U.S.C. § 6972(b)(2)(A). However, such an action may be brought immediately after such notification when a violation of Subtitle C of the RCRA is alleged.

Subchapter C of the RCRA requires hazardous waste to be tracked from the time of its generation to the time of its disposal, and further requires that such waste not be disposed of in a manner that may create a danger to human health or to the environment. As discussed below Polluters operate illegal, non-permitted, ,hazardous waste treatment, storage and disposal sites. Polluters have either failed to properly label, track and/or report the type, quantity or disposition of waste from those sites, or have failed to use a manifest system to ensure the waste generated is properly handled, stored, treated or disposed of. Polluters are disposing wastes off-site without compliance with either the various requirements under the RCRA or with the State of California's hazardous waste requirements authorized under the RCRA. Polluters' mishandling of wastes in violation of Subchapter C of the RCRA has and is creating an imminent and substantial endangerment to human health or the environment.

River Watch alleges violations of Subchapter C with regard to both a violation of a permit, standard, regulation, condition, requirement, prohibition or order effective under the RCRA, as well as for an imminent and substantial endangerment to human health or the environment.

On behalf of its members River Watch hereby provides statutory notification to Polluters of their continuing and ongoing violations of the RCRA.

River Watch hereby notifies Polluters that at the expiration of the appropriate notice periods under the RCRA, River Watch intends to commence a civil action against Polluters on the following grounds:

1.    Polluters' use and storage of petroleum products at their gasoline station sites identified in this Notice has and continues to violate permits, standards, regulations, conditions, requirements and/or prohibitions effective pursuant to the RCRA regarding storage of petroleum in underground storage tanks ("USTs") [42 U.S.C. § 6972(a)(1)(A)];

2. Polluters' operations at the gasoline station sites identified in this Notice have caused petroleum contamination of soil and groundwater which presents an imminent and substantial endangerment to human health and the environment [42 U.S.C. § 6972(a)(1)(B)];

3. Polluters' past and current operations at the gasoline station sites identified in this Notice violates the provisions of RCRA subchapter III, specifically 42 U.S.C. §6924, which governs the mishandling of hazardous wastes. River Watch contends that Polluters have inadequately maintained records with respect to the manner in which their hazardous wastes have been treated, stored and/or disposed of; inadequately monitored, reported and/or complied with existing regulations concerning their wastes; inadequately provided storage facilities for their wastes; and in the past have not developed adequate contingency plans for effective action to minimize damage from the unauthorized releases of hazardous contaminants – all of which has presented a substantial endangerment to human health and to the environment.

Under the RCRA, notice to a violator regarding an alleged violation of a permit, standard, regulation, condition, requirement, or order which has become effective under the RCRA shall include sufficient information to permit the recipient of the notice to identify the permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation (or reasonable range), and the full name, address, and telephone number of the person giving notice. River Watch therefore provides the following information:

## 1. The standard, limitation, or order alleged to have been violated.

The RCRA, enacted in 1976, is a Federal law of the United States contained in 42 U.S.C. §§ 6901-6992k. Its goals are: to protect the public from harm caused by waste disposal; to encourage reuse, reduction, and recycling; and, to clean up spilled or improperly stored wastes.

The Environmental Protection Agency's ("EPA") waste management regulations are codified at 40 C.F.R. §§ 239-282. Regulations regarding management of hazardous waste begin at 40 C.F.R. § 260. Pursuant to the RCRA, the State of California has enacted laws and promulgated regulations that are at least as stringent as the federal regulations.

Polluters' use and storage of waste at the sites identified further in this Notice, and the disposal of those wastes as described in this Notice, has and continues to violate permits, standards, regulations, conditions, requirements and/or prohibitions effective pursuant to the RCRA regarding hazardous waste. [42 U.S.C. § 6972(a)(1)(A)].

Exxon - Notice of Violations - Page 3

Polluters' operations at the sites identified further in this Notice have caused contamination of soil, groundwater, surface waters and residential areas, which contamination presents an imminent and substantial endangerment to human health and the environment. Polluters own or operate discreet conveyances, preferential pathways or wells which have contributed to the transportation, treatment, storage, or disposal of the wastes at the identified sites. [42 U.S.C. § 6972(a)(1)(B)].

## 2. The Activity Alleged to Constitute a Violation

Narratives are set forth below describing with particularity the activities leading to the violations alleged in this Notice. In summary, the RCRA requires that the environment and public be protected from the hazardous wastes generated by Polluters. Pollutants described herein found at the sites identified in this Notice constitute hazardous waste under the RCRA, and are required to be managed so as to not cause endangerment to the public or the environment. The RCRA specifically protects groundwater.

The liability of Polluters stems from either their ownership of the identified sites or activities conducted on the sites by Polluters which violate the RCRA and have contributed to the past or present handling, storage, treatment, transportation, or disposal of any hazardous waste which may present an imminent and substantial endangerment to health or the environment. River Watch also alleges Polluters to be in violation of a permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to the RCRA. Polluters are guilty of open dumping, as that term is used in the RCRA, by discharging pollutants to the open ground, allowing these pollutants to discharge to both groundwater and surface waters. The sites identified in this Notice do not qualify as landfills under 42 U.S.C. § 6944, and do not qualify as facilities for the disposal of hazardous waste. Polluters have no RCRA-authorized permit for disposal, storage or treatment of solid or hazardous waste of the type currently and historically discharged at the identified sites.

The liability of Polluters also stems from their ownership or operation of discrete conveyances, preferential pathways or wells which have caused pollutants to be discharged to surface and groundwaters via Polluters' conduits such as pipes, sewer lines, storm drains, utilities and the like, facilitating pollutant migration and discharge to waters of the State of California and the United States, and contributing to the past or present handling, storage, treatment, transportation, or disposal of any hazardous waste which may present an imminent and substantial endangerment to health or the environment.

Polluters' past and current operations at these gasoline station sites as identified in this Notice violates the provisions of the RCRA, 42 U.S.C. §6924, which governs the mishandling of hazardous wastes. River Watch contends Polluters have inadequately maintained records of the manner in which their hazardous wastes have been treated, stored and/or disposed of; inadequately monitored, reported and/or complied with existing regulations concerning their wastes; inadequately provided storage facilities for their wastes;

Exxon - Notice of Violations - Page 4

and in the past have not developed adequate contingency plans for effective action to minimize damage from the unauthorized releases of hazardous contaminants – all of which has presented a substantial endangerment to human health and to the environment.

## 3. The discharger responsible for the alleged violation.

The dischargers responsible for the alleged violations are the addressees of this Notice and the entities identified herein, collectively referred to as "Polluters" throughout this Notice.

## 4. The date or dates of violation or a reasonable range of dates during which the alleged activities occurred.

The RCRA is a strict liability statute with a statute of limitations of 5 years; therefore, although violations of RCRA have occurred for more than 5 years, the range of dates covered by this Notice is June 5, 2004 through the date of this Notice letter. River Watch will from time to time update and supplement this Notice to include all violations by Polluters which occurs after the date of this Notice. The majority of the violations identified in this Notice such as: discharging pollutants to groundwater and surface waters; failure to obtain RCRA-authorized permits; failure to implement the requirements of the RCRA; failure to properly label, track or report the type, quantity or disposition of waste; failure to use a manifest system to ensure waste generated is properly handled, stored, treated or disposed of; and, failure to meet water quality objectives, are continuous. Therefore each day is a violation. River Watch believes all violations set forth in this Notice are continuing in nature or will likely continue after the filing of a lawsuit. Specific dates of the other violations are evidenced in Polluters' own records (or lack thereof) or files and records of other agencies including the Regional Quality Control Board, GeoTracker, Los Angeles County Health and local police and fire departments.

## 5. The full name, address, and telephone number of the person giving notice.

The entity giving notice is Northern California River Watch, identified throughout this Notice as "River Watch". River Watch is a non-profit corporation organized under the laws of the State of California, located at 500 North Main Street, Suite 110, Sebastopol, CA, 95472 - telephone (707) 824-4372. River Watch is dedicated to the protection and enhancement of the waters of the State of California including all rivers, creeks, streams and groundwater in Northern California.

The violations of Polluters as set forth in this Notice affect the economic stability, physical health and aesthetic enjoyment of members of River Watch who reside and recreate in the affected watershed areas. The members of River Watch use the watershed for domestic water supply, agricultural water supply, recreation, sports, fishing, swimming, shellfish harvesting, hiking, photography, nature walks and the like. Their health, use and

Exxon - Notice of Violations - Page 5

enjoyment of this natural resource are conditions specifically impaired by these violations of the RCRA.

## IDENTIFICATION OF SITES AND BACKGROUND HISTORY

### 1.    Former Exxon Service Station #7-0249
###       6301 Commerce Boulevard, Rohnert Park, CA

This former Exxon gasoline service station is situated at the corner of Commerce Boulevard and the Rohnert Park Expressway and is currently operated as a Valero-branded service station. The underlying real property is owned by Whitey's TBA, Inc. Exxon has not owned or operated this site since approximately June of 2000, but remains primarily responsible for its remediation on the basis of contractual agreements with subsequent site owners.

This site was originally developed as a gasoline station by Texaco in approximately 1968 and was later purchased by Exxon for continued use as a retail gasoline service station. Exxon assumed remediation responsibilities for this site at least by February of 1998. The first reported release occurred in approximately December of 1986 following removal of large USTs at the site.

Monitoring wells were installed in 1987 but active remediation has apparently never been commenced, despite the presence of high levels of petroleum hydrocarbons at and around the site in subsurface soils and groundwater.

Depth to groundwater varies from between 4 feet to 17 feet bgs, depending upon the season. Groundwater generally flows under the site to the southwest. The site lies above an aquifer which is used as a source of the water supply for the local community. Groundwater in the site vicinity has been designated as having a beneficial use for municipal, industrial, and agricultural applications, according to the Water Quality Control Plan for the North Coast Region.

Sensitive receptor survey data indicate there are 9 active municipal wells within 1,500 meters of this site. The nearest municipal well is located 1,300 feet to the northeast. The nearest downgradient municipal well is approximately 1,800 feet southwest. Private water wells have been found at approximately 975 feet from the site. Hinebaugh Creek is located approximately 950 feet to the north. Copeland Creek is located approximately 1,800 feet to the south. Both Creeks flow westward.

Concentration levels in soil and groundwater at the site remain excessively above State maximum contamination levels ("MCLs") and above water quality objectives ("WQOs"). Based upon the most recent monitoring in December of 2008, TPHg is as high

as 100,000 ug/l, TPHd is as high as 9,600 ug/l, the benzene level is at 1,100 ug/l, toluene is at 500 ug/l, ethanol is at 10,000 ug/l, and the xylenes concentration level is at 5,000 ug/l.

It is apparent from a review of the history of this site that Exxon and its engineering consultants are attempting to rely upon natural attenuation rather than active remediation efforts to eliminate the threat of contamination to the surrounding environment. Efforts to fully delineate the site have yet to be completed. River Watch believes more proactive remediation strategies need to be employed here to interdict further environmental damage. At the present time it appears nothing more than periodic groundwater monitoring is occurring. In the meantime high levels of contamination continue to threaten the health of residents in this area and continue to degrade the local environment, including groundwater which communicates with an aquifer used for drinking water supply.

River Watch seeks engineering assurances that the underlying aquifer is not at risk and, that residual contamination at the site is not migrating to outlying groundwater and potentially to surface waters in the area. Proactive remediation using "best available technology" must be implemented, and some efforts to estimate the residual plume mass and the amount of time necessary to remediate the site must be accomplished in keeping with standard cleanup protocols in the industry.

## 2. Former Exxon Station #7-0248
## 175 Southwest Boulevard, Rohnert Park, CA

This former Exxon service station is located at the southwest corner of Southwest Boulevard and College View Drive. The real property on which the former station was situated is currently owned by Whitey's TBA, Inc. This station, currently operating as a Valero-branded gasoline station, is located in a mixed residential and commercial neighborhood.

This site has been used as a gasoline station at least since 1965. Exxon later acquired the property from Texaco Refining Co., and assumed the role of responsible party for purposes of contaminant remediation in approximately February of 1998. The first reported release occurred in approximately June of 1986 following discovery of soil contamination at the time of a tank removal.

In 1987 monitoring wells were installed to determine the lateral extent of hydrocarbon contamination under and around this property. In 1991 four USTs were removed and further soil and groundwater contamination was noted at that time. By that time there was also evidence that the adjacent gasoline station (Rotten Robbie # 41) may also have had unauthorized hydrocarbon releases which had commingled with the Exxon-related plume across College View Drive to the west.

Intermittently between 1996 and 2004, remediation consultants for Exxon installed a soil vapor extraction (SVE) system and a groundwater extraction treatment (GET) system. However, the remediation work was discontinued in 2004 due to Exxon's inability to renew its NPDES permit due to issues with meeting TBA discharge limits and bio-assay requirements. It was then determined that obtaining a sewer discharge permit from the City of Rohnert Park would not be cost-effective, and the remediation equipment was eventually removed. No remediation has occurred since the latter part of 2004.

Depth to groundwater varies from between 2.7 feet to 37.9 feet, depending upon the season. Groundwater generally flows to the north and northwest under the site. The site lies above an aquifer used as a source of the water supply for the local community. Groundwater in the site vicinity has been designated as having a beneficial use for municipal, industrial, and agricultural applications, according to the Water Quality Control Plan for the North Coast Region. Three groundwater production wells have been identified as within 1,800 to 2,000 feet from the site. The nearest body of surface water is a northwestward flowing unnamed drainage ditch located 250 feet southwest of this site.

Concentration levels in soil and groundwater at the site remain excessively above MCLs as well as WQOs. On the basis of current monitoring reports dated in December of 2008, TPHg is as high as 60,000 ug/l, the benzene level is at 3.700 ug/l, toluene is at 14,000 ug/l, TBA is at 2,500 ug/l, and the xylenes concentration level is at 16,000 ug/l.

At the present time no remediation is being accomplished. The consultant at this site or Polluters are apparently content to have the site remediation completed sometime in the next 20 to 30 years by means of natural attenuation. During that time this site will remain a threat to the human population and the local area environment. No estimates of the residual contaminant plume mass has been found, and no estimate of the length of time to remediate the site to MCLs has been done. River Watch believes Polluters must work much more proactively to neutralize the soil and groundwater beneath and around this site by employing best available technology as required by the Water Quality Control Plan.

## 3. Former Exxon Station #7-0241
## 5153 Old Redwood Highway North, Petaluma, CA

The real property on which this former station is situated is currently owned by Whitey's TBA, Inc. This station, currently operating as a Valero-branded gasoline station, is located in a mixed residential and commercial neighborhood.

The site has been used as a gasoline service station at least since approximately 1973 and had been operated as a gasoline station by Texaco Refining Co. until early in 1988. Exxon acquired the property from Texaco, and as with the sites identified above, assumed the role of responsible party for purposes of contaminant remediation in approximately February of 1998. The first reported release occurred in December of 1988, following

discovery of soil contamination at the time of tank removals. While this site was still under Texaco's control, a GET system was installed and operated between September of 1995 and May of 1997, for purposes of remediation of groundwater contamination. The current consultant has reinstalled a GET system and an SVE system since October of 2005.

Depth to groundwater varies from between 3.6 feet to 30.4 feet, depending upon the season. Groundwater generally flows to the southeast and periodically to the southwest under the site – generally towards the Petaluma River. The site lies above an aquifer that is used as a source of the water supply for the local community. Groundwater in the site vicinity has been designated as having a beneficial use for municipal, industrial, and agricultural applications, according to the Water Quality Control Plan for the North Coast Region.

Concentration levels in soil and groundwater at the site remain excessively above MCLs as well as WQOs. On the basis of current monitoring reports dated in October of 2008, TPHg is as high as 3,700,000 ug/l (0.21 feet of NAPL), TPHd is as high as 100,000 ug/l, the benzene level is at 370 ug/l, toluene is at 110 ug/l, ethylbenzene is at 1,300 ug/l, and the ethanol concentration level is at 2,500 ug/l.

At the present time consultants for Exxon are conducting soil vapor extraction in conjunction with pumping and treating groundwater. High vacuum dual-phase extraction has been determined as the only feasible remediation strategy (because of limited ROI due to the site's soil characteristics), but estimates of residual hydrocarbon mass have apparently been underestimated. Reports in July of 2003 estimated that at then-projected extraction rates, remediation to acceptable levels would occur within 3 years. That has not happened. At the present time, one of the monitoring wells contains pure product, the origins of which have apparently not been determined inasmuch as the only reported release occurred over 20 years ago. It seems apparent that an unreported release has occurred sometime in the interim.

This site remains a threat to the human population and the local area environment in terms of the potential affect upon the underlying aquifer. River Watch believes Exxon must work much more proactively to neutralize the soil and groundwater beneath and around this site by employing best available technology as required by the Water Quality Control Plan. Current levels of groundwater extraction may be insufficient for the size of the plume to be remediated. Available data on this site should include current estimates of contaminant plume mass and projected remediation dates at the present rates of extraction. In this particular case, specific soil extraction may be required to recover the pure product that persists in one of the wells.

## REGULATORY STANDARDS

The Resource Conservation and Recovery Act of 1976 is a federal law of the United States, the goals of which are protection of the public and the environment from harm caused

by waste storage and disposal, and to mandate the proper remediation of soil and groundwater which has been contaminated by hazardous waste and hazardous products, including petroleum hydrocarbons and gasoline formula constituents. The RCRA is a strict liability statute with a statute of limitations of 5 years. Pursuant to the RCRA, California has enacted laws and regulations which must be observed in conjunction with provisions of the RCRA. California's WQOs exist to ensure protection of the beneficial uses of water. Several beneficial uses of water exist. The most stringent water quality objectives for protection of all beneficial uses are selected as the protective water quality criteria. Alternative cleanup and abatement actions need to be considered which evaluate the feasibility of, at a minimum: (1) cleanup to background levels, (2) cleanup to levels attainable through application of best practicable technology, and (3) cleanup to protective water quality criteria levels.

The Regional Water Quality Control Board has adopted a Water Quality Control Plan or Basin Plan which designates all surface and groundwater within the North Coast and San Francisco Bay regions as capable of supporting domestic water supply. The Board has adopted MCLs and/or WQOs for petroleum constituents in surface and groundwater within the region of 50 ppb for TPHg, 1 ppb for benzene, 150 ppb for toluene and 5 ppb for MTBE.

## VIOLATIONS

### Permits, Standards and Regulations - [42 U.S.C. § 6972(a)(1)(A)]

Provisions of the RCRA govern the use and operation of USTs used for storage of petroleum products (subchapter IX, 42 U.S.C. § 6991 et seq.). The RCRA UST regulatory program is adopted and implemented in California under the State Underground Storage of Hazardous Substance Account Act (California Health & Safety Code § 25280 et seq.).

Between June 5, 2004 and the date of this Notice Polluters' use and storage of petroleum at the sites identified above have allowed significant quantities of hazardous petroleum constituents to be released or discharged into soil and groundwater in violation of provisions of the RCRA and California UST regulatory programs including, but not limited to, provisions governing general operating requirements for USTs, release detection and prevention requirements, release reporting and investigation requirements, and release response and corrective action requirements.

Specifically, with respect to each of the sites identified above, Polluters are responsible for the following statutory violations:

1. Failure to prevent a release, in violation of 40 CFR §§ 280.30, 280.31 and California Health & Safety Code §§ 25292.1(a) - (c), 25292.3(a) and (b);

Exxon - Notice of Violations - Page 10

2. Failure to properly detect and monitor releases, in violation of 40 CFR §§ 280.40 - 280.44 and California Health & Safety Code § 25292;

3. Failure to properly report and keep records of the release, in violation of 40 CFR §§ 280.34, 280.50, 280.52, 280.53, 280.63(b) and California Health & Safety Code §§ 25289, 25293 and 25295(a)(1);

4. Failure to take proper corrective action, in violation of 40 CFR §§ 280.53, 280.60 - 280.66 and California Health & Safety Code § 25295(a)(1).

## Imminent and Substantial Endangerment - [42 U.S.C. § 6972(a)(1)(B)]

Commencing in the late-1980's, Polluters used and stored, and continue to use and store, petroleum products at the sites identified above in a manner which has allowed significant quantities of hazardous petroleum constituents to be discharged to soil and groundwater beneath each of the sites and beneath adjacent properties. The contaminant levels of TPHg, benzene, toluene, and MTBE in groundwater at the sites are significantly greater than the allowable MCLs and/or WQOs for said constituents. Benzene, MTBE, TAME, and TBA are known or suspected carcinogens. Toluene is a reproductive toxin. Ethylbenzene, methanol and xylene are live toxins. All are known to harm both plants and animals. In their concentration at this locations these pollutants are creating an imminent and substantial endangerment to public health and the environment.

The violations alleged in this Notice are knowing and intentional in that Polluters have used, stored and sold petroleum products at their facilities which are known to contain hazardous substances; and, Polluters have intended that such products will be sold to and used by the public. Polluters have known of the contamination at the sites identified above at least since the late-1980's, and have also known that failing to promptly remediate the pollution allows the contamination to migrate through soil and groundwater at and adjacent to the sites and to continually contaminate and re-contaminate actual and potential sources of drinking water.

Violations of the RCRA of the type alleged herein are a major cause of the continuing decline in water quality and pose a continuing threat to existing and future drinking water supplies of Northern California. With every discharge, groundwater supplies are contaminated. These discharges can and must be controlled in order for the groundwater supply to be returned to a safe source of drinking water.

## Mishandling of Hazardous Waste - [42 U.S.C. § 6924 et seq.]

Commencing in the late-1980's, and more recently since June 5, 2004, Polluters used and stored petroleum products at the sites identified above in a manner which has allowed significant quantities of hazardous petroleum constituents to be discharged to soil and

groundwater beneath each of the sites and beneath adjacent properties. The contaminant levels of TPHg, benzene, toluene, and MTBE in groundwater at the sites are significantly greater than the allowable MCLs and/or WQOs for said constituents.

River Watch alleges that Polluters or the other Responsible Parties to whom this Notice is addressed or provided, have, at all times material, engaged in the following activities in violation of the RCRA's waste handling provisions:

1.  Failed to adequately maintain records of hazardous wastes as described in this Notice which were treated, stored or otherwise disposed of on or offsite [42 U.S.C. §6924(a)(1)];

2.  Failed to have satisfactorily monitored, inspected, or reported in accordance with the provisions of the RCRA [42 U.S.C. §6924(a)(2)];

3.  Failed to have adequately treated, stored or properly disposed of hazardous wastes found at the sites identified herein; [42 U.S.C. §6924(a)(3)];

4.  Failed to have adequately located, designed and constructed hazardous waste treatment, storage or disposal facilities [42 U.S.C. §6924(a)(4)];

5.  Failed to have properly implemented contingency plans for effective action to minimize unanticipated damage from treatment, storage or disposal of hazardous waste found at the sites identified herein [42 U.S.C. §6924(a)(5)].

These pollutants, in their concentration at these locations, have continued to cause an imminent and substantial endangerment to public health and the environment.

In addition to the violations set forth above, this Notice is intended to cover all violations of the RCRA evidenced by information which becomes available to River Watch after the date of this Notice

## CONTACT INFORMATION - COUNSEL FOR RIVER WATCH.

River Watch has retained legal counsel to represent them in this matter. All communications should be addressed to:

Jack Silver, Esquire
Law Office of Jack Silver
P.O. Box 5469
Santa Rosa, CA 95402-5469
Tel. (707) 528-8175
Fax (707) 528-8675

## CONCLUSION

As stated in the NOTICE section above, the RCRA requires a private party must give notice of the violation 60 days prior to the initiation of an action for violation of a permit, standard, regulation, condition, requirement, prohibition or order effective under the RCRA. (42 U.S.C. § 6972(b)(1)(A)), and 90 days prior notice when the violation is alleged to have occurred before initiating an action for an imminent and substantial endangerment to human health or the environment. [42 U.S.C. § 6972(b)(2)(A)].

However, under the provisions of 42 U.S.C. § 6924, actions that allege mishandling of hazardous waste can be brought without observing the 60/90 day notice waiting periods which are applicable to 42 U.S.C. § 6972(a)(1)(A) and 42 U.S.C. § 6972(a)(1)(B) claims, and when 42 U.S.C. § 6924 claims are brought in conjunction with § (a)(1)(A) or § (a)(1)(B) claims, none of the claims require a waiting period before a Complaint under the provisions of RCRA may be filed.

River Watch believes this Notice sufficiently states grounds for filing a lawsuit under the statutory and regulatory provisions of the RCRA as to the three sites referenced above. Within 10 days of service of this Notice letter alleging violations of RCRA subtchapter III, River Watch intends to file suit against Polluters and the individual real property owners who are deemed to be responsible parties, under the provisions of the RCRA with respect to each of the violations as alleged herein, and the existing conditions at the sites referenced above.

However, River Watch is willing to discuss effective remedies for the violations referenced in this Notice. If Polluters wish to pursue such discussions in the absence of litigation, we would encourage them to initiate such discussions within 10 days of receipt of this Notice. River Watch will not delay the filing of a lawsuit if discussions have not commenced within that period of time.

Very truly yours,

Jack Silver

JS:lhm

cc:  Lisa Jackson, Administrator
     U.S. Environmental Protection Agency
     Ariel Rios Building
     1200 Pennsylvania Avenue, N.W.
     Washington, D.C. 20460

Wayne Nastri, Regional Administrator
U.S. Environmental Protection Agency, Region 9
75 Hawthorne Street
San Francisco, CA 94105

Dorothy R. Rice, Executive Director
State Water Resources Control Board
P.O. Box 100
Sacramento, California 95812-0100

Mark Leary, Executive Director
Calif. Integrated Waste Mgmt. Board
1001 "I" Street
Sacramento, CA 95814

Whitey's TBA, Inc.
dba Valero Express
6301 Commerce Boulevard
Rohnert Park, CA 94928

Whitey's TBA, Inc.
dba Rohnert Park Valero
175 Southwest Boulevard
Rohnert Park, CA 94928

Whitey's TBA, Inc.
dba Petaluma Valero
5153 Old Redwood Highway North
Petaluma, CA 94952

Owner and/or Station Manager
Valero Express
6301 Commerce Boulevard
Rohnert Park, CA 94928

Owner and/or Station Manager
Rohnert Park Valero
175 Southwest Boulevard
Rohnert Park, CA 94928

Owner and/or Station Manager
Petaluma Valero
5153 Old Redwood Highway North
Petaluma, CA 9492

CSC - Lawyers Incorporating Service.
Registered Agent for Service of Process
Exxon Mobil Corporation
P.O. Box 526036
Sacramento, CA 95852

Doug Thiele, Registered Agent for Service of Process
Whitey's TBA Inc.
2455 Bennett Valley Road, Suite B204
Santa Rosa, CA 95404

Jeffrey J. Parker, Esquire
Sheppard, Mullen, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448