1  JEFFREY J. PARKER, Cal. Bar No. 155377
   OLIVIER F. THEARD, Cal. Bar No. 217763
2  AMIR A. TORKAMANI, Cal. Bar. No. 260009
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3    A Limited Liability Partnership
     Including Professional Corporations
4  333 South Hope Street, 48th Floor
   Los Angeles, California  90071-1448
5  Telephone:  213-620-1780
   Facsimile:   213-620-1398
6  jparker@sheppardmullin.com
   otheard@sheppardmullin.com
7  atorkamani@sheppardmullin.com

8  Attorneys for Defendant
   EXXON MOBIL CORPORATION

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12
   NORTHERN CALIFORNIA RIVER          Case No. 3:10-cv-00534 EDL
13 WATCH, a non-profit Corporation,
                                      *Assigned to the Hon. Elizabeth D.
14            Plaintiff,              Laporte*

15       v.                          DEFENDANT EXXON MOBIL
                                     CORPORATION'S:
16 EXXON MOBIL CORPORATION, a
   New Jersey Corporation, and DOES 1-  (1)   NOTICE OF MOTION AND
17 20, Inclusive,                             MOTION TO STRIKE
                                              PORTIONS OF COMPLAINT
18            Defendant.                       PURSUANT TO F.R.C.P. 12(f);

19                                   (2)   MEMORANDUM OF POINTS
                                           AND AUTHORITIES IN
20                                         SUPPORT THEREOF

21                                   *[Proposed Order filed concurrently
                                     herewith]*

22                                   Date:      June 8, 2010
                                     Time:      9:00 a.m.
23                                   Dept.:     Courtroom E

24                                   Complaint Filed:   February 5, 2010
                                     Trial Date:        None Set
25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 8, 2010 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom E of the above-entitled Court, Defendant Exxon Mobil Corporation ("ExxonMobil") will and hereby does move the Court pursuant to Federal Rules of Civil Procedure, Rule 12(f), for an order striking all improper requests for relief in the Complaint filed by Plaintiff Northern California River Watch ("Plaintiff" or "River Watch").

Specifically, ExxonMobil requests that the Court strike the following portions of the Complaint:

1.   The words "the imposition of civil penalties" in Paragraph 3. (Complaint, p. 2, line 17).

2.   Prayer 6, containing the words "Order EXXON to pay civil penalties to the United States on a per violation/per day basis for the violations of RCRA alleged in this Complaint."  (Complaint, p. 16, lines 3-4).

This motion is made on the grounds that a private citizen suing under RCRA may not recover civil penalties payable to the United States.[1]  See Burnette v. Carothers, 192 F.3d 52, 58 (2nd Cir. 1999) ("The statutes at issue [the Clean Water Act, RCRA, and CERCLA] do not grant citizens the right to sue on behalf of the United States nor do they establish a formula for recovering civil penalties"). Accordingly, the Court should strike Plaintiff's request for civil penalties.

---

[1]   Plaintiff does not seek, and under the law cannot recover, civil penalties payable to itself.  See 42 U.S.C. 6928(g) ("Any person who violates any requirement of this subtitle shall be liable to the United States…"); Hufford v. United States, 87 Fed. Cl. 696, 702 n. 3 (2009) ("[42 U.S.C. 6928(g)] also provides a civil penalty which is payable only to the United States");  see generally Complaint.

-i-

1       This Motion is based upon the accompanying memorandum of points and

2  authorities, the concurrently filed Request for Judicial Notice, and all of the

3  pleadings, records, and papers on file in this action, as well as such other oral and/or

4  documentary evidence as may be presented at or before the time of the hearing of

5  this Motion.

6

7  Dated:  April 23, 2010

8                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9

10              By           ***/s/ Amir A. Torkamani***

11                   JEFFREY J. PARKER

                  WHITNEY JONES ROY

12                   AMIR A. TORKAMANI

13

14                   Attorneys for Defendant

              EXXON MOBIL CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1AAT1\402590489.2           DEFENDANT EXXON MOBIL CORPORATION'S MOTION TO
                    STRIKE PORTIONS OF RIVER WATCH'S COMPLAINT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## INTRODUCTION

4

5        River Watch, a private entity bringing a citizen's suit under the Resource

6  Conservation Recovery Act ("RCRA"), is not authorized to recover civil penalties,

7  either for itself or on behalf of the United States.  RCRA authorizes citizen suits, not

8  *qui tam* actions to recover penalties payable to the government.  Accordingly, the

9  Court should strike River Watch's improper request for civil penalties and all related

10  allegations.

11

## II.

12

## SUMMARY OF RELEVANT ALLEGATIONS

13

14        River Watch asserts various RCRA claims against ExxonMobil in connection

15  with three former Exxon-branded gasoline service stations: (1) 6301 Commerce

16  Boulevard, Rohnert Park, CA; (2) 175 Southwest Boulevard, Rohnert Park, CA; and

17  (3) 5153 Old Redwood Highway North, Petaluma, CA (collectively, the

18  "Properties").  (Complaint, ¶ 2, and Exh. A thereto).  River Watch generally alleges

19  that ExxonMobil inadequately maintained records regarding hazardous waste and

20  did not comply with regulations regarding storage, reporting or monitoring of

21  hazardous waste.  (Complaint, Exh. A, p. 3-5).  In connection with these allegations,

22  Plaintiff requests that the Court impose civil penalties against ExxonMobil, payable

23  to the United States.  (Complaint, p. 16:3-4).

24

25

26

27

28

-1-

DEFENDANT EXXON MOBIL CORPORATION'S MOTION TO
                                    STRIKE PORTIONS OF RIVER WATCH'S COMPLAINT

**III.**

**THIS COURT SHOULD STRIKE THOSE PORTIONS OF THE COMPLAINT REQUESTING CIVIL PENALTIES**

**A.      A Claim For Relief Not Recoverable as a Matter of Law Should Be Stricken**

The Court is empowered to strike inappropriate claims for relief. Fed. R. Civ. P. 12(f) ("[t]he Court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter").  "A motion to strike is appropriate to address requested relief . . . which is not recoverable as a matter of law." Wilkerson v. Butler, 229 F.R.D. 166, 172 (E.D. Cal. 2005) (striking punitive damages); see also Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996) (citing Tapley v. Lockwood Green Engineers, Inc., 502 F.2d 559, 560 (8th Cir. 1974)).

**B.      Plaintiff's Request For Civil Penalties Should Be Stricken Because Such Relief is Unavailable In a Private Citizen Suit Under RCRA**

A private plaintiff bringing a citizen's suit under RCRA may not recover civil penalties payable to the United States.  Civil penalties under RCRA are only available where authorized by 42 U.S.C. § 6928(g), which provides that:

> Any person who violates any requirement of this subtitle shall be liable to the United States for a civil penalty in an amount not to exceed $ 25,000 for each such violation. Each day of such violation shall, for purposes of this subsection, constitute a separate violation.

42 U.S.C. § 6928(g).

-2-

Recent court decisions, including a decision from the Second Circuit, affirm that private plaintiffs may not recover civil penalties payable to the United States, distinguishing between citizen's suits and *qui tam* actions[2] brought on behalf of the government.  Burnette v. Carothers, 192 F.3d 52, 58 (2nd Cir. 1999); Village of Riverdale v. 138th St. Joint Venture, 527 F. Supp. 2d 760, 768 (N.D. Ill. 2007) ("[RCRA]authorizes citizen suits, not *qui tam* actions").

The Second District in Burnette concluded that under RCRA a citizen could sue only "on his *own* behalf" and that RCRA did "not grant citizens the right to sue on behalf of the United States nor [does RCRA] establish a formula for recovering civil penalties."  Burnette, 192 F.3d at 58 (emphasis in original).  The Second Circuit explicitly determined that RCRA was *not* "in the nature of a *qui tam* action." Id. at 57.

Similarly, the Court in Village of Riverdale held that, as a matter of law, a private plaintiff could not pursue civil penalties under RCRA, even on behalf of the government, again distinguishing between citizen's suits and *qui tam* actions. Village of Riverdale, 527 F. Supp. 2d at 768 (dismissing request for civil penalties because "[RCRA] authorizes citizen suits, not *qui tam* actions").

Under this prevailing recent legal authority, River Watch may not recover civil penalties as a matter of law.  This Court should therefore strike those portions of the Complaint requesting civil penalties under RCRA.

---

[2]  *Qui tam* statutes allow private plaintiffs to sue for civil penalties payable to the United States.  United States v. Kitsap Physician Serv., 314 F.3d 995, 997 n.1 (9th Cir. 2002) ("[*Qui tam*] means an action under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive.")

DEFENDANT EXXON MOBIL CORPORATION'S MOTION TO
STRIKE PORTIONS OF RIVER WATCH'S COMPLAINT

**IV.**

**CONCLUSION**

As a matter of law, River Watch (a private plaintiff bringing a citizen's suit under RCRA) may not recover civil penalties payable to the United States. Accordingly, this Court should strike Plaintiff's improper request for civil penalties.

Dated:  April 23, 2010

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Amir A. Torkamani*

JEFFREY J. PARKER
OLIVIER F. THEARD
AMIR A. TORKAMANI

Attorneys for Defendant
EXXON MOBIL CORPORATION

-4-

DEFENDANT EXXON MOBIL CORPORATION'S MOTION TO
STRIKE PORTIONS OF RIVER WATCH'S COMPLAINT